IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **CARRINGTON MORTGAGE SERVICES, LLC,** § § § | |
| **Plaintiff,** § § | Civil Action No. 3:23-cv-262 |
| v. § § | |
| **COREY JACK HOWELL, HEATHER MARIE HOWELL, AND BAY COLONY WEST HOMEOWNERS ASSOCIATION, INC.** § § § § § § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Carrington Mortgage Services, LLC ("Plaintiff or "Carrington") files this its *Original Complaint* against Corey Jack Howell, Heather Marie Howell, and Bay Colony West Homeowners Association, Inc. ("Defendants"), and would show unto the Court as follows:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code § 51.001(4) and is appearing through the undersigned counsel.

2. Defendant Corey Jack Howell is an individual and citizen of the state of Texas and may be served with process at 6701 Hidden Colony Lane, League City, Texas 77573 or at any other place he may be found.  Summons is requested.

3. Defendant Heather Marie Howell is an individual and citizen of the state of Texas and may be served with process at 6701 Hidden Colony Lane, League City, Texas 77573 or at any other place she may be found.  Summons is requested.

4. Defendant Bay Colony West Homeowners Association, Inc. is a non-profit corporation and may be served with process by serving their registered agent, Associa Houston Community Management Services at 17049 El Camino Real, Suite 100, Houston, Texas 77058. Summons is requested.

## II. PROPERTY

5. This proceeding concerns real property and improvements commonly known as 6701 Hidden Colony Lane, League City, Texas 77573 (the "Property") and more particularly described as follows:

> LOT 19, BLOCK 1, BAY COLONY POINTE WEST SECTION 2, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 2004A, MAP NUMBER 116, MAP/PLAT RECORDS, GALVESTON COUNTY, TEXAS.

## III. DIVERSITY JURISDICTION AND VENUE

6. Defendants Corey Jack Howell and Heather Marie Howell are individuals and citizens of the state of Texas.

7. Defendant Bay Colony West Homeowners Association, Inc. is a Texas corporation with its principal office being located in Harris County, Texas.

8. Plaintiff is a limited liability company. For diversity purposes, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and

failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted). Carrington Mortgage Services, LLC's sole member is Carrington Mortgage Holdings, LLC and a private individual who is not a citizen of Texas. Carrington Mortgage Holdings, LLC's sole member is the Carrington Companies, LLC. The Carrington Companies, LLC's members are two private individuals who are not citizens of Texas. Therefore, Carrington Mortgage Services, LLC is not a citizen of Texas.

9. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of

the property are in question, and the value of the property controls. The Galveston County Appraisal District values the Property at $339,060.00. The value of the Property exceeds $75,000.00.

12. Jurisdiction and venue are properly in this district and division, the United District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in the Galveston County.

## IV.   FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On or about September 25, 2007, Defendant Corey Jack Howell executed a *Note* (the "Note"), in the principal amount of $165,698.00 with an annual interest rate of 5.250% and originally payable to Universal American Mortgage Company, LLC ("Universal") A true and correct copy of the note is attached hereto as **Exhibit A**.

15. Concurrently with the execution of the Note, Defendant Corey Jack Howell and his spouse, Defendant Heather Marie Howell ("Borrowers") executed a *Deed of Trust* ("Security Instrument" and together with the Note, the "Loan Agreement"), as grantors, granting Universal and its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Galveston County, Texas on September 25, 2007, as Instrument No. 2007071335. A true and correct copy of the Security Instrument attached hereto as **Exhibit B**.

16. Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, as nominee for Universal assigned and transferred the Loan Agreement to Carrington Mortgage Services, LLC as evidenced by the *Assignment of Deed of Trust*, which was recorded in the Official

Public Records of Galveston County, Texas, on June 29, 2023, as Instrument No. 2023030115. A true and correct copy of the document is attached hereto as **Exhibit C**.

17. Plaintiff is the current holder of the blank endorsed Note and the beneficiary of the Security Instrument. Plaintiff is also a "mortgagee" as that term is defined in section 51.001(4) of the Texas Property Code.

18. Under the terms of the Loan Agreement, Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

19. The Loan Agreement further provides that should Borrowers fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan.

20. The Loan is in default as a result of Borrowers' failure to make the August 1, 2014 payment and all subsequent payments. A *Notice of Intent to Foreclose* ("Notice of Default") was sent in accordance with the Loan Agreement and the Texas Property Code on May 23, 2023. A true and correct copy of the Notice of Default is attached hereto as **Exhibit D**.

21. The default was not cured, and the maturity of the debt was accelerated. A *Notice of Acceleration of Loan Maturity* was sent in accordance with the Loan Agreement and the Texas Property Code to Borrowers on June 20, 2023. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit E**.

22. The Property is party of the Bay Colony West Homeowners Association, Inc. (the "HOA").

23. The HOA is governed by the Declaration of Covenants, Conditions, and Restrictions for Bay Colony West Single Family Residential (the "Declaration"), which was recorded in the Official Public Records of Galveston County, Texas as Instrument No. 2004058774 on August 30, 2004.

24. The Declaration provides that the HOA may have a lien against any property within the HOA when the property owner does not pay the required assessments/dues. The Declaration further provides that any such lien shall be inferior to a first lien mortgage as stated below at Article III, Section 7:

> "The lien securing the Assessments provided for herein shall be subordinate to (i) liens of ad valorem taxes and (ii) the lien of any first Mortgage which has been recorded in the real property of Galveston County, Texas   Sale or transfer of any Lot subject to this Declaration shall not affect the lien hereby created  However, the sale or transfer of any Lot pursuant to foreclosure of a first Mortgage or any conveyance in  lieu thereof,  shall extinguish the lien of such Assessments as to payments which become due prior to such sale or transfer    No such sale or transfer shall   relieve such Lot from liability  for any Assessments thereafter becoming due or from the lien thereof."

25. The HOA filed a *Notice of Unpaid Assessment* (the "HOA lien") in the Official Public Records of Galveston County, which was recorded on September 11, 2017, as Instrument No. 2017054627.  A true and correct copy of the HOA lien is attached hereto as **Exhibit F**.

26. The HOA filed its *Plaintiff's Original Petition and Application for Permanent Injunction* seeking to foreclose its lien and for damages Cause No. 19-CV-2280; styled *Bay Colony West Home Owners Association, Inc v. Corey Jack Howell* in the 10th District Court of Galveston County Texas (the "HOA State Court Action").

27. The HOA filed a *Notice of Lis Pendes* (the "HOA Lis Pendes") in the Official Public Records of Galveston County, which was recorded on January 1, 2020, as Instrument No. 2020000124. A true and correct copy of the HOA Lis Pendes is attached hereto as **Exhibit G**.

28. The HOA filed a Motion for Non-Suit in the HOA State Court Action, and the 10th District Court signed an *Order for Non-Suit* (the "Order") on June 22, 2022. A true and correct copy of the Order is attached hereto as **Exhibit H**.

29. The HOA has failed to file a release of its Lis Pendes even though it nonsuited the HOA State Court Action over a year ago.

30. Per the Department of Defense Manpower Data Center, Corey Jack Howell began serving on active duty on May 18, 2015. His active duty ended on December 13, 2022. A true and correct copy of the Status Report pursuant to the Servicemembers Civil Relief Act ("SCRA") is attached hereto as **Exhibit I.**

31. The SCRA prohibits a non-judicial foreclosure sale of a servicemember's property "during, or within one year after, the period of the servicemember's military service" **except** "upon a court order granted before such sale, foreclosure, or seizure with a return made and approved by the court." 50 U.S.C. § 3953(c).

32. Pursuant to the provisions of the SCRA, Plaintiff is seeking a court order approving the sale, foreclosure, or seizure of the Property.

33. Defendants have been in default since 2014 and are due for many payments. When the Notice of Default was sent to Borrowers, Borrowers owed $187,894.93 in past due payments. As of the date of filing of this Complaint, the amount due continues to increase as subsequent payments (including principal, interest, and if applicable, taxes, insurance, and other escrow items). *See* **Exhibit D**.

34. As of July 1, 2023, the total to payoff the Loan Agreement was $302,407.47. As subsequent payments (including principal, interest, and if applicable, taxes, insurance, and other escrow items) come due, this amount continues to increase as well.

35. As such, Plaintiff brings this suit for foreclosure so that it may enforce its security interest in the Property.

## V.   CAUSE OF ACTION:  DECLARATORY JUDGMENT

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument.  Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code § 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

38. In addition, Plaintiff requests a declaration from the Court that its interest in the property is senior to any competing interest in the Property.  Moreover, Plaintiff requests a declaration that the interests of the HOA in the Property are subordinate to those of Plaintiff.

39. Furthermore, Plaintiff requests a declaration that the HOA Lis Pendes filed against the Property is released due to failure to release their Lis Pendes upon non-suiting the HOA State Court Action.

## VI.   CAUSE OF ACTION:  NON-JUDICIAL FORECLOSURE

40. The foregoing paragraphs are incorporated by reference for all purposes.

41. Plaintiff asserts a cause of action for non-judicial foreclosure against Defendants. The Loan Agreement is a contract, and Plaintiff fully performed its obligations under it. Borrowers, however, did not comply with the Loan Agreement by failing to substantially perform

material obligations required under its terms. Therefore, Plaintiff seeks a judgment allowing it to foreclose pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002.

42. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendant, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### VII.   CAUSE OF ACTION:  JUDICIAL FORECLOSURE

43. The foregoing paragraphs are incorporated by reference for all purposes.

44. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

45. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

### VIII.   CAUSE OF ACTION:  SUIT TO QUIET TITLE

46. The foregoing paragraphs are incorporated by reference for all purposes.

47. In addition to the declaratory judgment, Plaintiff brings a claim to quiet title in its favor. That is, Plaintiff seeks a judgment that there are currently no other interest-holders in the Property senior to Plaintiff. Any Lis Pendes filed by the HOA is no longer in effect. Any uncertainty as to the HOA's interests in the Property creates a cloud on title. Therefore, Plaintiff requests that title shall be quieted as to any stranger to title.

48. Plaintiff seeks a declaration that any competing interests in the Property would be extinguished upon Plaintiff's foreclosure of the Security Instrument.

## IX.   ATTORNEYS FEES

49. The foregoing paragraphs are incorporated by reference for all purposes.

50. Plaintiff has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of Defendants' failure to comply with the Loan Agreement. Wilmington is therefore entitled to and seeks judgment against Defendants for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument and statute. See Tex. Civ. Prac. & Rem. Code §§ 37.009; 38.001. Plaintiff requests that the award of attorney's fees be made not as a money judgment against the Defendants, but as further obligation under the subject Note and Security Instrument.

## X.   CONDITIONS PRECEDENT

51. The foregoing paragraphs are incorporated by reference for all purposes.

52. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent had been performed or have occurred for Plaintiff to enforce its security interest against the Property.

## XI.    PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be summoned to appear and answer, and the Court enter judgment granting (1) a declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), (2) a declaration be awarded that Plaintiff holds the first and superior lien on the Property, (3) a declaration be awarded that Plaintiff's lien on the Property is first and superior to all other liens (4) that Defendants are in Default on their obligations under the Loan Agreement, (5) Plaintiff is authorized to enforce the power of sale through non-judicial foreclosure of the Property pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, or alternatively, by judicial foreclosure, and (6) a declaration that through the foreclosure or auction, the defendants are divested and Plaintiff is vested with all of Defendant's right, title, and interest to the Property. Plaintiff further requests attorney's fees and costs of suit, not as a money judgment against the Defendants, but as further obligation under the subject Note and Security Instrument, and all other relief, in law and in equity, which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com

**SARAH SIBLEY COX**
Of Counsel
State Bar No. 24043439
Southern District Admission #39086
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**