IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **CARRINGTON MORTGAGE SERVICES, LLC,** § § § | |
| Plaintiff, § § | Civil Action No. 3:23-cv-262 |
| v. § § | |
| **COREY JACK HOWELL, HEATHER MARIE HOWELL, AND BAY COLONY WEST HOMEOWNERS ASSOCIATION, INC.** § § § § § § | |
| Defendants. § | |

**PLAINTIFF'S MOTION FOR**
**DEFAULT JUDGMENT AS TO DEFENDANT HEATHER MARIE HOWELL**

Plaintiff Carrington Mortgage Services, LLC ("Carrington" or Plaintiff") files this, its *Motion for Default Judgment and Brief in Support*, and respectfully shows as follows:

**I.   BACKGROUND**

1. Plaintiff filed its Original Complaint against Defendants Corey Jack Howell, Heather Marie Howell and Bay Colony West Homeowners Association, Inc. ("Defendants") on August 21, 2023. (ECF Document No. 1.)

2. Defendant Heather Marie Howell ("Defendant") was served on September 7, 2023, via personal service at 2613 S. 2nd Street, Steelton, Pennsylvania 17113. (ECF Document No. 7.) Her answer or response to the Original Complaint was due on or before September 28, 2023. FED. R. CIV. P. 12(a)(1)(A)(i).

3. Defendant Heather Marie Howell has not answered or otherwise appeared in this action.

4. Concurrently with this motion, Plaintiff filed its Request for Clerk's Entry of Default against Defendant Heather Marie Howell.

5. Defendant is not in active-duty military status. Defendant is not an infant (under age 21) or incompetent person. *See* Exhibit A-1.

6. Plaintiff is entitled to an entry of default as to Defendant because she did not answer or otherwise defend the Original Complaint.

7. Plaintiff now asks the Court to render default judgment against Defendant.

## II.   LEGAL STANDARD

8. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. The entry of a default judgment is a three-step process: (1) default; (2) the entry of default; and (3) the entry of a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *Jefferson v. La. Dep't of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010). The entry of a default judgment is not an abuse of discretion when a party fails to answer a complaint. *See Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), *cert. denied*, 414 U.S. 1073 (1973).

## III.   ARGUMENT AND AUTHORITIES

9. The Court should render a default judgment against Defendant because she did not file a responsive pleading or otherwise defend the claims against her. Such default constitutes an admission by Defendant as to all allegations in the Original Complaint. The facts asserted in the Original Complaint are well-pleaded, and there are no unresolved issues of material fact. By failing to answer the Original Complaint, Defendant has admitted the well-pleaded factual allegations therein and is "barred from contesting on appeal the facts thus established. *Nishimatsu Const. Co.,*

*Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, Plaintiff is entitled to a default judgment on liability and damages.

10. With regard to the issues of damages, ordinarily, a court should not award damages without first conducting a hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979). However, when the amount of damages can be determined with certainty by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir.1993). Federal Rule of Civil Procedure 54(c) provides that a default judgment must not differ from or exceed what is demanded in the pleadings. *See* FED. R. CIV. P. 54(c); *see also Meaux Surface Prot., Inc., v. Fogleman*, 607 F.3d 161, 172 (5th Cir.2010).

11. Plaintiff does not seek monetary damages against Defendant, but instead seeks a declaratory judgment that Plaintiff, as the owner and holder of the Note and beneficiary of the Security Instrument, has standing and is authorized under the Security Instrument to enforce the power of sale contained in the Security Instrument through a non-judicial foreclosure of the real property which is subject of this matter, 6701 Hidden Colony Lane, League City, Texas 77573 (The "Property"), and more particularly described as:

> LOT 19, BLOCK 1, BAY COLONY POINTE WEST SECTION 2, A SUBDIVISION IN GALVESTON COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 2004A, MAP NUMBER 116, MAP/PLAT RECORDS, GALVESTON COUNTY, TEXAS.

Therefore, no hearing is necessary to establish Plaintiff's damages.

12. In Texas, to foreclose under a security instrument with a power of sale, the party is required to show only that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower has been properly served with notice of default and acceleration. *Singleton v. United States Bank N.A.*, No. 4:15-CV-100-A, 2016 U.S.

Dist. LEXIS 53019, * 20 (N.D. Tex. Apr. 20, 2016); citing *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), aff'd, 583 F. App'x. 306 (5th Cir. 2014).

13. The Complaint alleges that on June September 25, 2007, Corey Jack Howell executed that certain *Note* in the principal amount of $165,698.00 in favor of Universal American Mortgage Company, LLC. [*See* ECF Docket No. 1 at ¶ 14].

14. Concurrently with the execution of the Note, Corey Jack Howell and Heather Marie Howell executed a *Deed of Trust* (the "Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Universal American Mortgage Company, LLC, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in Official Public Records of Galveston County, Texas as Instrument No. 2007071335 on September 25, 2007. [*See* ECF Docket No. 1 at ¶ 15]. Plaintiff further alleges that it is the current holder of the blank endorsed Note, with standing to enforce the terms of the Security Instrument. [*See* ECF Docket No. 1 at ¶ 17].

15. The Loan Agreement is currently due for August 1, 2014, and all subsequent monthly payments. [*See* ECF Docket No. 1 at ¶ 20]. A *Notice of Intent to Foreclose* ("Notice of Default") was sent in accordance with section 51.002(d) of the Texas Property Code, but the default was not cured. [*See* ECF Docket No. 1 at ¶ 20]. The maturity of the debt was accelerated when a *Notice of Acceleration of Loan Maturity* was sent on June 20, 2023. [*See* ECF Docket No. 1 at ¶ 21]. Therefore, the Original Complaint conclusively establishes each of the necessary elements of Plaintiff's non-judicial foreclosure claim.

16. Plaintiff requested reasonable and necessary attorneys' fees against Defendants based on Texas Civil Practice and Remedies Code Chapters 37 and 38 and pursuant to the terms of the loan documents executed by Defendants. Plaintiff is entitled to attorneys' fees under Chapter

37 because it seeks a declaratory judgment concerning its authority to enforce the power of sale in the Security Instrument through foreclosure of the Property. Plaintiff is further entitled attorneys' fees under Chapter 38 because this is, in part, a suit for a claim listed in Texas Civil Practice and Remedies Code § 38.001—more specifically, breach of contract. The amount of such fees is to be determined by subsequent motion practice. Plaintiff requests that the award of attorneys' fees be made not as a money judgment against Defendant, but as a further obligation owed by the Defendants under the subject Note and Security Instrument.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Court enter a final default judgment against Defendant Heather Marie Howell on all claims asserted against her in Plaintiff's Original Complaint, and award Plaintiff the following relief:

a. Judgment against Defendant for court costs;

b. Judgment against Defendant for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

c. Judgment declaring that Plaintiff is the owner and holder of the Note, with standing to enforce the Security Instrument;

d. Judgment against Defendant declaring that the following are secured by the Security Instrument on the Property: (a) the outstanding balance of the Note; (b) pre-judgment interest; (c) post-judgment interest from the date of judgment until paid; and (d) costs of court;

e. Judgment against Defendant declaring that Plaintiff, its successors and assigns, may proceed with non-judicial foreclosure of the Property pursuant to the Security Instrument and the Texas Property Code; and

f. Any other relief to which the Court deems Plaintiff is entitled.

Respectfully submitted,

By: */s/ John M. Gregory*
**JOHN M. GREGORY**
Texas Bar No. 24138787
Southern District Admission #3869561
jgregory@mwzmlaw.com

                                        **MACKIE WOLF ZIENTZ & MANN, P.C.**
                                        14160 North Dallas Parkway, Suite 900
                                        Dallas, Texas 75254
                                        Telephone: 214-635-2650
                                        Facsimile: 214-635-2686

                                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

       The undersigned certifies that on October 21, 2024, a copy of the above and foregoing document was served on the following Parties in the manner described below:

**VIA CMRR # 9314 7699 0430 0127 6046 83**
**and U.S. Mail:**
Heather Marie Howell
2613 S. 2nd Street
Steelton, Pennsylvania 17113
*Defendant*

**Via ECF:**
Victoria S. Rutherford
Greer, Herz & Adams, LP
SBN# 24110309
One Moody Plaza, 18th Floor
Galveston, Texas 77550
vrutherford@greerherz.com
*Attorney Ad Litem for Defendant Corey Howell*